# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-42V
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JAMIE EMERSON, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: May 30, 2018 |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| | * | Interim Fees; Expert Costs. |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Adriana R. Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEYS' FEES AND COSTS[1]

On January 15, 2015, Jamie Emerson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered from uveitis and retinal migraines as a result of receiving the Hepatitis B ("Hep B") vaccine on July 19, 2012. I held an entitlement hearing on January 10, 2018, in Washington, DC, and the parties are currently involved in settlement discussions.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorneys' fees and costs in the total amount of $61,727.18 (representing $45,039.45 in attorneys' fees, plus $16,687.73 in costs). *See generally* Petitioner's Application for Interim Attorneys' Fees and Costs, filed April 26, 2018 (ECF No. 57) ("Interim Fees App.").

Respondent responded to the motion on May 9, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 58 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id*. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$59,277.18**.

## PROCEDURAL HISTORY

This action has been pending for over three years. Pet. at 1, filed January 15, 2015 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner first approached the law firm of Conway, Homer, P.C. about her case on November 11, 2014. *See* Ex. A to Interim Fees App. ("Ex. A") at 1. The case thereafter proceeded with Petitioner filing her medical records and final statement of completion on June 15, 2015, and Respondent filing the Rule 4(c) Report on August 14, 2015. ECF No. 14. On December 10, 2015, Petitioner filed an Amended Petition. ECF No. 17.

After two additional extensions of time, Petitioner filed an expert report from Dr. Frederick W. Fraunfelder on January 28, 2016 (ECF No. 20). Respondent thereafter filed an expert report from Dr. Mitchell Fineman on September 9, 2016. ECF No. 27. Petitioner then filed a rebuttal expert report from Dr. Fraunfelder on February 13, 2017 (ECF No. 32), and Respondent filed his supplemental report from Dr. Fineman on May 10, 2017. (ECF No. 39). I subsequently set the matter for an entitlement hearing to be held on January 10, 2018. ECF No. 41. The entitlement hearing was held on the aforementioned date and a post-hearing briefing schedule was set on January 10, 2018. Thereafter, the parties agreed to postpone the briefing schedule in order to discuss the possibility of settlement, which is presently ongoing.

Petitioner filed the instant interim request for an award of attorneys' fees and costs on April 26, 2018. *See generally* Interim Fees App. Petitioner's fee application includes billing records that indicate that the work performed in this case has been divided among several Conway, Homer, P.C. attorneys – Mr. Pepper, Mr. Homer, Ms. Daniels, Ms. Ciampolillo, Ms. Faga, and Ms. Caplan – along with firm paralegals and law clerks. *Id.* The application requests total compensation for Conway, Homer, P.C. in the amount of $45,039.45, for work performed from November 11, 2014, to April 20, 2018, at the following hourly rates:

|  | **2014** | **2015** | **2016** | **2017** | **2018** |
|---|---|---|---|---|---|
| **Mr. Pepper** | $290.00 | $290.00 | $290.00 | $297.00 | $305.00 |
| **Mr. Homer** | - | $400.00 | $400.00 | $409.00 | $421.00 |
| **Ms. Daniels** | - | $280.00 | - | $286.00 | $294.00 |
| **Ms. Ciampolillo** | - | - | $300.00 | - | - |
| **Ms Faga** | - | - | - | $271.00 | - |
| **Ms. Caplan** | - | $200.00 | - | - | - |
| **Paralegals** | $135.00 | $135.00 | $135.00 | $138.00 | $142.00 |
| **Law Clerks** | $145.00 | $145.00 | $145.00 | $148.00 | - |

*Id.* Petitioner also seeks to recover $16,687.73 in costs, including document collection, lodging and transportation to and from hearings, and expert cots for Dr. Fraunfelder at a rate of $500.00 per hour. *Id.*

## ANALYSIS

**I.        Legal Standard Applicable to Interim Fees and Costs Requests**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs*., 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). The facts relevant to this matter meet these criteria: the case has been pending for over three years, the total amount of attorneys' fees requested exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorneys' fees and expert costs as this case proceeds.

## II.     Amounts Requested for Petitioner's Attorneys

The attorneys from Conway Homer have repeatedly been found to be "in forum" and therefore are entitled to the forum rates established in *McCulloch. See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This determination is consistent with my own decisions. *See, e.g., Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381004 (Fed. Cl. Spec. Mstr. Sept. 26, 2017); *Sharifipour v. Sec'y of Health & Human Servs.*, No. 15-669, 2017 WL 2926617 (Fed. Cl. Spec. Mstr. June 6, 2017); *Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2016 WL 5224405 (Fed. Cl. Spec. Mstr. Aug. 19, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g., Cabrera v. Sec'y of Health & Human Servs.*, No. 13-598V, 2017 WL 656303, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2017).

The hourly rates requested by Petitioner for the attorneys here are in line with what the Conway Homer firm has asked for and been awarded in previous cases of mine. *See Caruso,* 2017 WL 5381004; *Sharifipour*, 2017 WL 2926617. Additionally, while Petitioner requests small rate increases for 2018 from 2017, I find that these hourly rates are still in accordance with the Vaccine Program forum-rate guidelines. *See Barrett v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689, at *8 (Fed. Cl. Spec. Mstr. May 13, 2014). Accordingly, no adjustments to the requested rates are required.

I also find that the rates requested for the paralegals and law clerks to be reasonable. This is consistent with my own decisions and in line with the rates established in *McCulloch*. *See, e.g., Reese v. Sec'y of Health & Human Servs.*, No. 16-1117V, 2018 WL 2225591 (Fed. Cl. Spec. Mstr. April 2, 2018); *Stepp v. Sec'y of Health & Human Servs.*, No. 14-851V, 2018 WL 793426 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Derenzo v. Sec'y of Health & Human Servs.*, No. 16-035V, 2018 WL 1125231 (Fed. Cl. Spec. Mstr. Jan. 9, 2018).

In addition, the hours expended on this matter (200.8 hours billed and counting) appear to be reasonable for a case that has lasted over three years and has had an entitlement hearing. This

case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorneys' fees will be reimbursed in full, in the amount of $45,039.45.

### III. Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into three different categories—costs to obtain medical records, costs associated with travel to and from the January 11, 2018 entitlement hearing in Washington, D.C., and expert costs. The first two categories shall be awarded in full, for a total of $4,437.73. The latter category requires further scrutiny. Petitioner requests a total of $12,250.00 for Dr. Fraunfelder, representing 17.5 hours of work billed at $500.00 per hour, and 14 hours of travel time billed at $250.00 per hour. I find that the amount of time billed is reasonable, especially in light of the fact that Dr. Fraunfelder not only prepared two expert reports but also testified at the entitlement hearing.

Requested expert hourly rates herein are another matter. I have recently reduced Dr. Fraunfelder's hourly rate to $400.00. *See Derenzo,* 2018 WL 1125231, at *3 (Fed. Cl. Spec. Mstr. Jan. 9, 2018). In *Derenzo*, I noted that while Dr. Fraunfelder is an undoubtedly qualified expert, that expertise must be balanced with his lack of experience testifying in the Vaccine Program. *Id.* The decision in *Derenzo* was filed less than five months ago, and Petitioner has not provided any information to suggest that Dr. Fruanfelder has participated in addition Vaccine Program cases during this time such that he may be entitled to a rate of $500.00 per hour. *See, e.g., Rosof v. Sec'y of Health & Human Servs.*, No. 14–766, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (noting that awarding $500 per hour for an expert in the Program is very rare). Accordingly, I will reduce Dr. Fraunfelder's hourly rate to $400.00, commensurate with the rates of other similarly-experienced experts. This amounts to a total award of $9,800.00 (representing a reduction of $2,450.00). Petitioner is therefore entitled to $14,237.73 for the totality of costs.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorneys' Fees, as follows:

| | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---:|---:|---:|
| **Attorneys' Fees** | $45,039.45 | $0 | $45,039.45 |
| **Attorneys' Costs** | $16,687.73 | $2,450.00 | $14,237.73 |
| | | | **Grand Total: $59,277.18** |

I therefore award a total of **$59,277.18** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald C. Homer, representing attorneys' fees in the amount of $45,039.45, plus costs in the amount of $14,237.73.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.